IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SULLIVAN; MARLENE SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> JP MORGAN CHASE BANK, NA, and DOES 1 through 100, inclusive, <br><br> Defendant. | 2:10-cv-00384-GEB-EFB <br><br> ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

Defendant moves for dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing Plaintiffs have failed to allege sufficient facts to state viable claims. For the reasons stated below, the motion is granted and denied in part.

**I. LEGAL STANDARD**

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1       Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

        In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555.

        If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

        Defendant's motion includes a request that the Court take judicial notice of two Deeds of Trust recorded on December 3, 2007 with the Nevada County Recorder. (Defendant's Request for Judicial Notice ("RJN") Exs. 1-2.) Plaintiffs do not oppose Defendant's request.

        "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either

2

1  "generally known within the territorial jurisdiction of the trial court"
2  or "capable of accurate and ready determination by resort to sources
3  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
4  Since the Deeds of Trust are publically recorded documents,
5  they may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin
6  Corp., 797 F. Supp. 790, 792 (1992)(taking judicial notice of documents
7  in a county's public record, including deeds of trust).  Therefore,
8  Defendant's request that these documents be judicially noticed is
9  granted.

### III. BACKGROUND

11  Plaintiffs obtained two loans from Defendant around November
12 of 2007, which were secured by their home in Grass Valley, California.
13 (Compl. ¶¶ 6, 45.) The loans were memorialized in Promissory Notes
14 secured by Deeds of Trust on the property. (Id. ¶ 45.) The Deeds of
15 Trust identify Defendant as the lender. (RJN, Exs. 1-2.)
16 Plaintiffs allege Defendant directed them into unaffordable
17 loans and subsequently misrepresented that permanent loan modifications
18 would be made. (Id. ¶¶ 11-49.) Specifically, Plaintiffs allege Defendant
19 represented that "the loan[s were] the best loan[s] available on the
20 market," procured the loans on "false information of plaintiff's
21 income," over appraised the value of the property, and did not disclose
22 "to plaintiffs their likely inability to make the monthly payments due
23 on the loan[s]." (Id. ¶¶ 12.) Plaintiffs also allege when they
24 approached Defendant to modify the terms of their loans to reduce their
25 monthly payments, it "misrepresented... that a permanent loan
26 modification would be put in place;" Plaintiffs' monthly payments were
27 reduced for six months, but no permanent modification was made. (Id. ¶¶
28 (Id. ¶¶ 18-20.)

**IV. DISCUSSION**

Plaintiffs allege ten claims against Defendant in their Complaint under federal and state law.

**1. Truth in Lending Act Claims**

Defendant argues Plaintiffs' Truth in Lending Act ("TILA") claims should be dismissed. Specifically, Defendant contends Plaintiffs' TILA damages claim is barred by the applicable one-year statute of limitations, and Plaintiffs' TILA rescission claim is defective because Plaintiffs failed to allege "the ability to tender or reinstate the subject loan transactions." (Def.'s Mot. to Dismiss ("Mot.") 2:8-9, 2:22-23.) Plaintiffs counter their damages claim should not be dismissed because they have alleged sufficient facts to show the statute of limitations is equitably tolled. (Pls.' Opp'n to Mot. to Dismiss ("Opp'n") 2:17-25.) Plaintiffs also rejoin that their ability to "tender" is not an element required to be plead, and in the alternative, they have sufficiently alleged the tender element. (Opp'n 3:20-22.)

**a. TILA Damages Claim**

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998)(citing 15 U.S.C. §§ 1631, 1632, 1635, 1638)). Failure to satisfy TILA's disclosure requirements subjects a lender to "statutory and actual damages traceable to a lender's failure to make the requisite disclosures . . . ." Id. (citing 15 U.S.C. § 1640(e)). TILA imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915

(9th Cir. 1986). However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the plaintiff's TILA claim. Id.

"Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)(quotations and citation omitted). Nonetheless, when a plaintiff fails to allege any facts demonstrating the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003)(dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Plaintiffs allege Defendant violated TILA as follows: by failing to give Plaintiffs "the mortgage documents," "disclosures," and "notices" "until after the settlement had taken place;" failing to group together and segregate the required disclosures; and "inflat[ing] the acceleration fees." (Compl. ¶ 65.) Further, Plaintiffs allege "the facts surrounding this loan transaction were purposefully hidden to prevent [them] from discovering the true nature of the transaction and the documents involved therein...." (Id. ¶ 43.) Plaintiffs also allege these TILA violations were "all discovered within the past year, such

1  that any applicable statute of limitations are extended or should be
2  extended pursuant to the equitable tolling doctrine...." (Id. ¶ 49.)
3         Plaintiffs' conclusory concealment allegations are
4  insufficient to show the statute of limitations period is equitably
5  tolled. The TILA violations about which Plaintiffs complain occurred at
6  or prior to the closing of Plaintiffs' loan transactions in November of
7  2007, more than two years before the commencement of this action.
8  Plaintiffs fail to allege what prevented them from discovering
9  Defendant's alleged TILA violations within the one year statutory
10 period. See Ahmad v. World Savings Bank, No. CIV 2:09-520 GEB KJM, 2010
11 WL 1854108, at *2 (E.D. Cal. May 6, 2010)(citing Adams v. SCME Mortgage
12 Bankers, Inc., No. CIV 1:09-201 LJO SMS, 2009 WL 1451715, at *9 (E.D.
13 Cal. May 22, 2009)(finding equitable tolling inapplicable since
14 plaintiff failed to allege facts explaining how she was prevented from
15 comparing her loan documents and disclosures with TILA statutory and
16 regulatory requirements)). Therefore, Plaintiffs' TILA damages claim is
17 dismissed.
18    **b.  TILA Rescission Claim**
19         Defendant's motion to dismiss Plaintiffs' TILA rescission
20 claim is based on its argument that Plaintiffs have not alleged their
21 ability to tender the property or its reasonable value, which Defendant
22 alleges is required to state a TILA rescission claim. However, Defendant
23 fails to provide binding authority to support its position that a
24 plaintiff's ability to tender must be alleged at the pleading stage.
25 Therefore, Defendant's motion to dismiss Plaintiffs' TILA rescission
26 claim is denied.
27 ///
28 ///

6

**2.   The Rosenthal Act**

Defendant seeks dismissal of Plaintiffs' Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act") claim, arguing mortgage loans are not debt under the Act, and Plaintiffs failed to allege which sections of the Act Defendant violated "beyond the boilerplate allegations asserted in support of this claim." (Mot. 4:11-12, 4:20-22.)

Plaintiffs' Rosenthal Act claim alleges only that "Defendants Aurora and Homecomings are debt collectors within the meaning of the Rosenthal Act."(Compl. ¶ 72.) However, these defendants are not named in the caption or elsewhere in the complaint. Since Plaintiffs did not allege the only named defendant is a "debt collector," the claim's sufficiency is not analyzed, and it is dismissed.

**3.   Negligence**

Defendant argues Plaintiffs' negligence claim should be dismissed because it is barred by the applicable statute of limitations, and Plaintiffs have not alleged facts showing that Defendant owed them a duty of care. (Mot. 5:4-5, 6:4-8.)

**a.   Duty of Care**

The elements of a negligence claim are, 1) defendant owed plaintiff a duty of care, 2) defendant breached that duty, 3) the breach was the proximate or legal cause of the resulting injury, and 4) plaintiff was damaged. Ladd v. County of San Mateo, 12 Cal.4th 913, 917 (1996). The existence of a Defendant's legal duty is a question of law to be determined by the court. Kentucky Fried Chicken of California, Inc. v. Sup. Ct., 14 Cal.4th 814, 819 (1997).

Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its

7

conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). A duty of care can be imposed upon the lender, however, in certain circumstances, such as where "the lender's activities exceed those of a conventional lender." Osei v. Countrywide Home Loans, 2010 WL 727831, at *6. "In California, the test for determining whether a financial institution owes a duty of care to a borrower-client 'involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'" Nymark, at 1098 (quoting Connor v. Great Western Sav. & Loan Assn. 69 Cal.2d 850, 865 (1968)).

Plaintiffs allege Defendant negligently directed them into a loan for which they "[were] not qualified . . . [and that was] not in [their] best interests based upon [their] income and the true value of the Property;" directed them "into a loan transaction that [they] may not have otherwise qualified for by industry standards, resulting in excessive fees... and payments in excess of [their] ability to pay;" and "failed to abide by TILA and RESPA laws." (Compl. ¶¶ 78-80.) Plaintiffs' negligence claim also incorporates all earlier allegations. (Compl. ¶ 76.)

Plaintiffs argue in their Opposition that a number of the incorporated allegations support a finding that Defendant owed them a duty of care. Specifically, Plaintiffs argue Defendant owed them a duty of care 1) not to falsify their income and over appraise the property

8

for the purpose of directing them into unfavorable loans, and 2) "not to misinform [them] about the loan modification process." (Opp'n 6:23-7:5, 7:15-17.)

Plaintiffs have provided no authority to support their argument that lenders owe borrowers a duty of care not to misinform them about the loan modification process. Therefore, Plaintiffs' allegations that Defendant misrepresented to them that a permanent loan modification would be put into place are insufficient to form the basis of a negligence claim.

However, Defendant has not shown Plaintiffs' allegations that it falsified their income and the subject property's value during the loan application process fall within its traditional role as a money lender. Therefore, these allegations are sufficient to state a negligence claim. See Watkinson v. Mortgageit, Inc., No. 10-cv-327-IEG, 2010 WL 2196083, at *8-9 (S.D. Cal. June 1, 2010)(holding that overstating Plaintiff's income and the value of the property on the loan application knowing both to be false stated a negligence claim).

    **b.**   **Statute of Limitations**

Under California law, negligence claims have a two year statute of limitations. Cal. Code of Civ. Proc. § 355.1. Since the loans at issue were entered into in November of 2007, and Plaintiffs filed their Complaint in December of 2009, Defendant argues Plaintiffs' negligence claim is barred by the statute of limitations. (Mot. 5:9-10.) Plaintiffs respond, arguing their negligence claim did not "accrue" when the loan documents were signed. (Opp'n 5:21-22.)

The statute of limitations for Plaintiffs' negligence claim did not begin to run until the claim "accrued." Cal. Code Civ. Proc. § 312. A claim "accrues" upon the occurrence of the claim's last essential

element. Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999). "When damages are an element of a cause of action, the cause of action does not accrue until the damages have been sustained. Mere threat of future harm, not yet realized, is not enough." City of Vista v. Robert Thomas Securities, Inc., 84 Cal.App.4th 882, 886 (2000).

Plaintiffs' allegations support the inference that they did not experience any injury until they were unable to make their mortgage payments in the spring of 2009. (Compl. ¶¶ 18-20.) See Osei v. Countrywide Home Loans, 2010 WL 727831, at *9 (holding similar allegations supported that the plaintiff's negligence claim did not "accrue" until plaintiff's loan payments exceeded his ability to pay). Therefore, Defendant has not shown that Plaintiffs' negligence claim is barred by the applicable statute of limitations.

For the stated reasons, Defendant's motion to dismiss Plaintiffs' negligence claim is granted and denied in part.

**4.    RESPA**

Defendant seeks dismissal of Plaintiffs' section 2605 Real Estate Settlement Procedures Act ("RESPA") claim, arguing Plaintiffs' "conclusory allegations... are wholly insufficient to put Defendants on notice as to what conduct forms the basis of the RESPA claim." (Mot. 6:16-17.)

Plaintiffs allege the following in support of their RESPA claim: "Defendants violated RESPA at the time of the closing of the Loan subject to this Complaint by failing to correctly and accurately comply with one or more of the disclosure requirements provided therein." (Compl. ¶¶ 86-87.) This allegation is conclusory and does not identify what information, if any, Defendant failed to disclose or inaccurately

10

disclosed. See Champlaie, 2009 WL 3429622, at *17 (finding same allegations insufficient to state a section 2605 RESPA claim).

Defendant also argues Plaintiffs' RESPA claim should be dismissed since "Plaintiff fails to allege any damage" resulting from a purported RESPA violation. (Mot. 6:19.)

Plaintiffs must allege actual harm to plead a section 2605 RESPA claim. Pok v. Am. Home Mortgage Servicing, Inc., No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3, 2010); see also Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Further, "[t]he loss alleged must be related to the RESPA violation itself....[A]llegations made under a separate cause of action are insufficient to sustain a RESPA claim for actual damage.... Nor does simply having to file suit suffice as a harm warranting actual damages." Lal, 680 F.Supp.2d at 1223.

Here, Plaintiffs allege "[a]s a result of Defendant's failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit." (Compl. ¶ 88.) "Even under a liberal pleading standard for harm, this level of generality fails." Pok, 2010 WL 476674, at *5 (finding same allegation of harm insufficient to state a section 2605 claim for actual damages). Therefore, Plaintiffs' RESPA claim is dismissed.

**5.   Breach of Fiduciary Duty**

Defendant seeks dismissal of Plaintiffs' breach of fiduciary duty claim, arguing a lender does not owe a fiduciary duty to a borrower under California law. (Mot. 7:11-14.)

In California, to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship;

(2) the breach of that relationship; and (3) damage proximately caused thereby. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).

Plaintiffs allege Defendant "is the lender of the loan which is the subject of this action." (Compl. ¶ 8.) "Absent special circumstances[,] . . . a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006). "A commercial lender is entitled to pursue its economic interest in a loan transaction. This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." Gonzalez v. First Franklin Loan Services, No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at *13 (E.D. Cal. Jan. 11, 2010)(citing Nymark, 231 Cal.App.3d at 1093, n. 1).

Plaintiffs' allege in their fiduciary duty claim:

> Defendants were agents for the Plaintiff by express and implied contract and by operation of law. [¶] Plaintiff[s] employed Defendant as [their] agents for the purpose of obtaining a loan for the Property. [¶] Defendants... owed a fiduciary duty to the Plaintiff to act primarily for [their] benefit...."

(Compl. ¶¶ 90, 92, 94.) These allegations are conclusory and insufficient to support the existence of a fiduciary relationship between Plaintiffs and Defendant. Therefore, Plaintiffs' breach of fiduciary duty claim is dismissed.

**6.   Fraud**

Defendant seeks dismissal of Plaintiffs' fraud claim, arguing it fails to comply with Federal Rule of Civil Procedure 9(b)("Rule 9(b)")'s heightened pleading standard. (Mot. 9:1.)

1          Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Medical Group, Inc., 15 Cal.4th 951, 974 (1997).

          A claim for fraud in federal court must satisfy Rule 9(b)'s heightened pleading requirements. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). This rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)(quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).

          Plaintiffs' following allegations support their fraud claim:

> The material representations made by Defendants in connection with the said loan were false. [¶] Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth. Defendants intended that Plaintiff rely on these material representations. Plaintiff reasonably relied on said representations. [And a]s a result of Plaintiff['s] reliance, he was harmed and suffered damages....

(Compl. ¶¶ 103-107.)

          These allegations are conclusory and do not provide the specificity required by Rule 9(b). Plaintiffs argue, however, that their fraud claim nonetheless satisfies Rule 9(b) because it incorporates all earlier allegations by reference, and that certain of these incorporated allegations satisfy Rule 9(b)'s requirements. (Opp'n 9:24-10:4.) Contrary to Plaintiffs' contention, the incorporated allegations are also

13

inadequate to allege fraud since they fail to identify the time, date, and place of the alleged misrepresentation(s) or the identity of who made them. Therefore, Plaintiffs' fraud claim is dismissed.

### 7.   California Business & Professions Code § 17200

Defendant argues Plaintiffs' California Business and Professions Code section 17200 ("§ 17200") claim should be dismissed because Plaintiffs' allegations are conclusory, and Plaintiffs have not alleged they suffered "an injury in fact" and "lost either money or property" as a result of any § 17200 violation. (Mot. 9:19-9:21, 10:25-11:1.)

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. Because "unfair competition" is defined in the disjunctive, the statute establishes three separate types actionable conduct, prohibiting practices that are either "unfair," "unlawful," or "fraudulent." Cel-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Id. (citation omitted).

To state a § 17200 claim, Plaintiff must allege he "suffered injury in fact and has lost money or property." Cal. Bus. & Prof. Code § 17204. A plaintiff suffers an "injury in fact" when he or she has "1) expended money due to the defendant's acts of unfair competition, 2) lost money or property; or 3) been denied money to which he or she has a cognizable claim." Hall v. Time Inc., 158 Cal.App.4th 847, 854 (2008).

Plaintiffs' only allegation specifying the conduct underlying the § 17200 claim is that "Plaintiff is informed and believes, that

14

Defendants' acts, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq." (Compl. ¶ 111.)

This allegation sufficiently states a § 17200 claim for unlawful business practices since Defendant's dismissal motion is denied as to Plaintiffs' TILA rescission and negligence claims. Defendant has not shown that these claims do not provide "unlawful" predicate activity that may support Plaintiffs' § 17200 claim. Further, since Plaintiffs allege they have suffered monetary losses as a result of Defendant's unlawful conduct, including the expenditure of a down payment and ongoing loan payments, they have adequately alleged that they suffered an "injury in fact." (Compl. ¶¶ 37, 38, 40, 68 and p. 29:20-21.) Therefore, Defendant's motion to dismiss Plaintiffs' § 17200 claim is denied.

**8.  Breach of Contract**

Defendant seeks dismissal of Plaintiffs' breach of contract claim, arguing "[t]hough Plaintiffs contend [the parties] entered into a written agreement, Plaintiffs fail to identify the agreement," allege its terms, or any facts which establish that Defendant breached "the purported agreement." (Mot. 11:12-16.)

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiffs identify the Promissory Notes as the written agreements at issue in their opposition to the motion. (Opp'n 11:22-24.) Plaintiffs allege Defendant violated these agreements as follows:

> [B]y failing to exercise reasonable efforts and due diligence as promised resulting in Plaintiff entering into a loan that was not in his best interests. Defendants also breached their agreement with Plaintiff by committing the acts stated herein, including but not limited to failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff['s] review prior to closing, and failing to explain the loan documents to the Plaintiff.

(Compl. ¶ 118.) However, Plaintiffs do not allege that the promissory notes imposed such obligations on Defendant. See Quintero Family Trust v. Onewest Bank F.S.B., No. 09-CV-1561-IEG (WVG), at *13 (S.D. Cal. Jan. 27, 2010)(citing Frances T. v. Vill. Green Owners Ass'n, 42 Cal.3d 490, 512-513 (1986))(dismissing breach of contract claim based upon Promissory Note and Deed of Trust where the plaintiffs did not allege which specific provisions in the agreements imposed the duties upon defendants alleged by plaintiff).

Plaintiffs also argue that Defendant's alleged oral misrepresentations that it would permanently modify their loans support their breach of contract claim. (Opp'n 11:24-25.) However, under the breach of contract claim, Plaintiff alleges only that the parties entered into a "written agreement." (Compl. ¶ 116.) Plaintiffs did not allege the existence of any oral agreement. Therefore, Plaintiffs' breach of contract claim is dismissed.

**9.   Breach of Implied Covenant of Good Faith & Fair Dealing**

Defendant seeks dismissal of Plaintiffs' breach of the covenant of good faith and fair dealing claim, arguing Plaintiffs have not alleged a "special relationship" between the parties necessary to recover tort damages, and Plaintiffs failed to allege two of the requisite elements of this claim. (Mot. 12:13-14, 12:22-23, 12:27-28.) Plaintiffs respond

16

with the conclusory argument that "there is a special relationship between the parties." (Opp'n 12:21-24.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958). The implied covenant "rests upon the existence of some specific contractual obligation. [It] is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Racine Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal.App.4th 1026, 1031 (1992). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799 (2008). Further, the implied covenant "does not require parties to negotiate in good faith prior to any agreement." McClain, 159 Cal. App. 4th at 799.

Since the implied covenant is based in contract, compensation for its breach is almost always limited to contractual remedies. Foley v. Interactive Data Corp., 47 Cal.3d 654, 684 (1988). Tort remedies are only available when "the parties are in a 'special relationship' with 'fiduciary characteristics.'" Pension Trust Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002)(applying California law)(citing Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 730 (1989)). "A central test of whether a lender is subject to this tort is whether there is a fiduciary relationship in which the financial dependence or personal security by the damaged party has been entrusted to the other." Id. (quotations and citations omitted).

17

1 Plaintiffs allege in this claim that "a duty of good faith and
2 fair dealing was implied by law into the contract at issue in this action
3 at its inception." (Compl. ¶ 122.) Plaintiffs further allege Defendant
4 breached this duty as follows:

> a. By failing to pay at least as much in regards to Plaintiffs' interests as to Defendants' interests;
>
> b. Failing to disclose to Plaintiff the true nature of the loan that is the subject of this action;
>
> c. Failing to give Plaintiff the requisite notice and disclosures.

(Compl. ¶123.) However, Plaintiffs do not allege the terms of the contract(s) entered into between the parties or how Defendant's conduct frustrated any of its specific provisions. Further, Plaintiffs have not alleged facts supporting the existence of any "special relationship" between the parties, or that they "did all, or substantially all of the significant things that the contract required them to do." (Judicial Council of California Civil Jury Instruction No. 325, Dec. 15, 2009 ed.) Moreover, to the extent Plaintiffs' claim is based upon conduct occurring during pre-loan negotiations, the implied covenant does not apply. Therefore, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is dismissed.

**10. Injunctive Relief**

Defendant seeks dismissal of Plaintiffs' claim for "injunctive relief," arguing Plaintiffs have failed to state a single cause of action, therefore they have not alleged that they will prevail on the merits at trial. (Mot. 13:9-12.)

Under federal law, an injunction is a remedy, not a claim in and of itself. See Curtis v. Option One Mortg. Corp., No. 109-cv-1608 AWI SMS, 2010 WL 599816, at *13 (E.D. Cal. Feb. 18, 2010)(citing Washington

Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005). Similarly, under California law, an injunction is a remedy, not a cause of action. Id. (citing Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 985 (2003)). Therefore, Plaintiffs' purported "cause of action" for injunctive relief is dismissed.

## IV. CONCLUSION

For the stated reasons, Defendant's motion to dismiss is granted and denied in part. Plaintiffs are granted ten (10) days from the date on which this order is filed to file a First-Amended Complaint.

Dated:   June 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge