IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SULLIVAN, MARLENE  )
SULLIVAN,                  )         2:10-cv-00384-GEB-EFB
                           )
        Plaintiffs,        )
                           )         ORDER GRANTING IN PART
        v.                 )         DEFENDANT'S MOTION TO DISMISS
                           )         AND REMANDING PLAINTIFFS'
JP MORGAN CHASE BANK, NA., and )     STATE LAW CLAIMS
DOES 1 through 100, inclusive,  )
                           )
        Defendants.        )
_____  )

        Defendant moves for dismissal of Plaintiffs' First Amended
Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6),
arguing Plaintiffs have failed to allege sufficient facts to state
viable claims.

## I. LEGAL STANDARD

        A Rule 12(b)(6) dismissal motion tests the legal sufficiency
of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729,
732 (9th Cir. 2001). A pleading must contain "a short and plain
statement of the claim showing that the pleader is entitled to relief
. . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the
defendant fair notice of what the [plaintiff's] claim is and the grounds
upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555 (2007).

        Dismissal of a claim under Rule 12(b)(6) is appropriate only
where the complaint either 1) lacks a cognizable legal theory, or 2)
lacks factual allegations sufficient to support a cognizable legal

1

theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. <u>See al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, conclusory statements and legal conclusions are not entitled to a presumption of truth. <u>See Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Twombly</u>, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

## II. REQUEST FOR JUDICIAL NOTICE

Defendant's motion includes a request that the Court take judicial notice of two Deeds of Trust recorded with the Nevada County Recorder on December 3, 2007. (Defendant's Req. for Judicial Notice in Supp. of Mot. to Dismiss First Am. Compl. ("RJN") Exs. 1-2.) Plaintiffs do not oppose this request.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001)(quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court"

or "capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Since the Deeds of Trust are publically recorded documents,
they may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin
Corp., 797 F. Supp. 790, 792 (1992)(taking judicial notice of documents
in a county's public record, including deeds of trust). Therefore,
Defendant's request that these documents be judicially noticed is
granted.

### III. BACKGROUND

Plaintiffs obtained two loans from Defendant around November
of 2007, which were secured by their home in Grass Valley, California.
(RJN, Exs. 1-2.) The loans were memorialized in Promissory Notes secured
by Deeds of Trust on the property. (Id.) The Deeds of Trust identify
Defendant as the lender. (Id.)

In essence, Plaintiffs allege Defendant directed them into
unaffordable loans by overstating Plaintiffs' income by $9,000 per month
on the loan application and over-appraising the property's value. (Id.
¶¶ 13, 14.) Plaintiffs also allege the parties reached an oral agreement
"for a permanent modification of the loan[,]" which Defendant breached.
(Id. ¶¶ 11-12, 78.)

### IV. DISCUSSION

Defendant filed an earlier dismissal motion challenging
Plaintiffs' original Complaint, which was granted and denied in part
with leave to amend. Plaintiffs subsequently filed their First Amended
Complaint on July 9, 2010, which includes federal Truth in Lending Act
("TILA") damages and recision claims and six state claims. Defendant
challenges all of these claims in the instant motion except Plaintiff's

3

TILA rescission and California Business & Professions Code section 17200 ("§ 17200") claims.

### A.   TILA Damages Claim

Defendant seeks dismissal of Plaintiffs' TILA damages claim, arguing it "is still time-barred by the applicable one-year statute of limitations" even though this claim was amended. (Def.'s Mot. to Dismiss ("Mot.") 4:6-7.)  Defendant further argues Plaintiffs have not alleged facts sufficient to equitably toll the limitations period applicable to this claim. (Mot. 4:20-5:14.) Plaintiffs counter their amendments allege sufficient facts to justify equitable tolling. (Opp'n 4:11.)

TILA imposes a one-year statute of limitations within which a claim for damages "may be brought."  15 U.S.C. § 1640(e).  "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosure that is the basis of a plaintiff's TILA damages claim. Id. "The test is whether 'a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period.'" Ahmad v. World Savings Bank, No. CIV 2:09-520 GEB KJM, 2010 WL 1854108, at *1 (E.D. Cal. May 6, 2010)(quoting Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)). "A proponent of equitable tolling need not show affirmative misconduct on behalf of the opposing party; rather, all one need show is that by the exercise of reasonable diligence, the proponent could not have discovered essential information bearing on the claim." Id. (citing Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1184 (9th Cir. 2001)).  When a plaintiff fails to allege

4

facts demonstrating that the alleged TILA violations could not have been discovered during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003)(rejecting equitable tolling at pleading stage because plaintiff possessed all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the limitations period).

Plaintiffs allege the following facts as the basis for application of equitable tolling to their TILA damages claim:

> The misrepresentations and allegations stated herein regarding the original loan were all discovered within the past year, such that any applicable statute of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other equitable principles. Particularly with regards to the one year statute of limitations for TILA damages, the doctrine of equitable tolling applies to toll said one year statute. Plaintiffs herein did not have a reasonable opportunity to discover the TILA violations until within one year prior to the filing of the original lawsuit here. As stated below, the TILA violations consist of the Finance Charge Test under 12 CFR 226.18(d)(1) and the Rescission Finance Charge Test under 12 CFR 226.23(9)(1). Per these laws the disclosed finance charge cannot be understated by more than $100 or ½ of 1% of the face amount of the note, respectively. In order to determine if a violation exists the disclosed finance charge must be compared to the actual finance charge. Although the disclosed charges and actual charges may be set forth in the loan documents given to plaintiffs, a borrower here the plaintiffs were never informed in any manner of the TILA tolerances in order to be able to determine if a TILA violation existed. Plaintiffs were at the time of the transaction unaware of the said TILA test or able to calculate any violations. A reasonable person under the same circumstances would not be aware of any such violation. Plaintiffs did not become aware of the violation until they had their loan documents audited following contact with an attorney all within one year of the filing of this lawsuit.

1  (First Am. Compl. ¶ 32 (emphasis added).)

2  These allegations are more detailed than those alleged in the
3  original Complaint, but they are insufficient to justify equitable
4  tolling because Plaintiffs have not alleged facts demonstrating they
5  were prevented from discovering Defendant's alleged TILA violations
6  within the one year statutory period.  See Davis v. Mortgageit, Inc.,
7  No. Civ. S-09-3028 FCD/GGH, 2010 WL 2943294, at *3-4 (E.D. Cal. July 23,
8  2010)(finding equitable tolling inapplicable in case where Plaintiffs
9  argued it was only after performing a Forensic Loan Document Audit that
10 they discovered the alleged TILA violations since Plaintiffs "could have
11 conducted an audit of their documents, forensic or otherwise" within the
12 limitations period); see also Ahmad v. World Savings Bank, at *2
13 (finding equitable tolling inapplicable since plaintiff failed to allege
14 facts explaining how she was prevented from comparing her loan documents
15 and disclosures with TILA statutory and regulatory requirements to
16 discover alleged TILA disclosure violations).  Therefore, Plaintiffs'
17 TILA damages claim is dismissed.  Further, since Plaintiffs have failed
18 to remedy the pleading defects in this claim, despite having been given
19 an opportunity to do so, their TILA damages claim is dismissed with
20 prejudice.

21 **B. Supplemental Jurisdiction Over Plaintiff's State Law Claims**

22 Since Plaintiffs' TILA rescission claim is their sole
23 remaining federal claim, the court considers sua sponte whether
24 Plaintiffs' state claims substantially predominate over their TILA
25 rescission allegations and should therefore be remanded to the state
26 court from which they were removed under 28 U.S.C. § 1367(c)(2).

27 District courts have supplemental jurisdiction over state
28 claims that are "so related to the [federal claims] that they form part

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, "pendent [or supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). District courts may decline to exercise supplemental jurisdiction under certain circumstances, including when the state claims "substantially predominate" over the federal claims. 28 U.S.C. § 1367(c)(2); Executive Software North America, Inc. v. U.S. Dist. Ct., 24 F.3d 1545, 1557 (9th Cir. 1994), overruled in other respects by Calif. Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008).

When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals." Gibbs, 383 U.S. at 727. "Generally, a district court will find substantial predomination where 'it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" Contemporary Services Corp. v. Hartman, No. 08-02967 AHM, 2008 WL 3049891, at *3 (C.D. Cal. Aug. 4, 2008)(quoting Gibbs, 383 U.S. at 727).

Plaintiffs allege the following state claims in their First Amended Complaint: violation of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), negligence, fraud, violation of § 17200, promissory estoppel, and breach of the implied covenant of good faith and fair dealing. In essence, Plaintiffs' state claims allege fraud and promissory estoppel theories of liability based upon two primary allegations: 1) Defendant improperly induced them into loans they could not afford by overstating Plaintiffs' income by thousands of dollars per month and over-appraising their home's value during the loan application

process, and 2) Defendant subsequently breached a oral permanent loan modification agreement that reduced Plaintiffs' monthly mortgage payments. (First Am. Compl. 3:11-12:16.) In contrast, Plaintiffs' TILA rescission claim concerns only whether Defendant properly disclosed the mortgage finance charges, and if this did not occur, whether Plaintiffs are entitled to rescind the loans. (Id. ¶¶ 32, 46.) Therefore, Plaintiffs' TILA rescission claim has little, if any, factual overlap with their state claims.

Further, the relief Plaintiffs seek in their state claims is more comprehensive than the relief they seek in their TILA rescission claim. Rescission is the only remedy available under Plaintiffs' TILA rescission claim; whereas, Plaintiffs seek compensatory and punitive damages, injunctive relief and restitution in their state claims. (First Am. Compl. ¶¶ 54-55, 63, 70-71, 74-76, 79, 86-87.)

Additionally, a jury is required to resolve some of the state claims, and the jury trial will include evidence on fraud allegations and compensatory and punitive damages.  Whereas, the TILA rescission claim will be "heard by the court without a jury and [such claims] ordinarily involve only questions of law based on the face of the loan documents." Cabrera v. Courtesy Auto, Inc., 192 F.Supp.2d 1012, 1021 (D. Neb. 2002). Consequently, the issues involved in Plaintiffs' state claims are broader in scope and proof than what is involved in Plaintiffs' TILA claim.

For the stated reasons, Plaintiffs' state claims substantially predominate over the TILA recession claim.

Further, the comity principle weighs in favor of remanding Plaintiffs' state claims, since a federal court should avoid making "needless decisions of state law." Gibbs, 383 U.S. at 727. Moreover, "[t]here is no prevailing reason for this court to maintain jurisdiction

to preserve judicial economy." <u>Meza v. Matrix Serv.</u>, No. CIV. 2:09-3106 WBS JFM, 2010 WL 366623, at *4 (E.D. Cal. Jan. 26, 2010); <u>see also</u> <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. 1986)(stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"). This case has not yet been scheduled for trial, and time has not been invested analyzing Plaintiffs' state claims.

Since Plaintiffs' state claims substantially predominate over their solitary federal TILA rescission claim, and comity and judicial economy favor remanding Plaintiffs' state claims to the state court from which they were removed, Plaintiffs' state claims will be remanded to the Nevada County Superior Court in California.

### V. CONCLUSION

For the stated reasons, Plaintiffs' TILA damages claim is dismissed with prejudice, and Plaintiffs' state claims are remanded to the Nevada County Superior Court in California.

Dated: September 1, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge